# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY ENGEL, #M36902** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 17−cv−064−SMY |
| | ) |
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) |
| **LT. REID,** | ) |
| **J. CAMPANELLA,** | ) |
| **ANTHONY HUGES,** | ) |
| **VIENNA CORRECTIONAL FACILITY,** | ) |
| **SHAWNEE CORRECTIONAL CENTER,** | ) |
| **ANDERSON,** | ) |
| **STEWART,** | ) |
| **FOWLER,** | ) |
| **HERNANDEZ,** | ) |
| and **ROB,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Timothy Engel, an inmate at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims he was assaulted by various individuals at Vienna Correctional Center, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

In his Complaint, Plaintiff makes the following allegations: During the period November 13, 2016 to November 24, 2016, Plaintiff was stabbed in his rib cage by inmate Rob; inmate Anderson tried to stab Plaintiff; inmate Hernandez tried to knock Plaintiff out from behind his head; inmate Stewart tried "taking [Plaintiff's] head off with ice" and paper balls; inmate Fowler tied to knock Plaintiff out while he was sleeping; and Lt. Reid attacked Plaintiff twice from behind. (Doc. 1, p. 5). Plaintiff also claims that "officers threaten[ed] to go back to work," presumably on at least one occasion, while Plaintiff was being attacked. *Id.* Further, the

Complaint alleges that the defendants have not taken action to help Plaintiff, have prevented him from contacting an attorney or his friends, and that some defendants, including Campenella, "have lied about being FBI." *Id.*  Plaintiff seeks "a court order that each of these defendant [*sic*] pay compassion to Plaintiff for suffering."  (Doc. 1, p. 8).

## Discussion

It is clear at the outset that Plaintiff has not requested any substantive relief in this case. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. CIV. P. 8(a).  In a civil rights action filed pursuant to 42 U.S.C. § 1983, the request for relief typically includes a request for monetary damages and/or injunctive relief.  Plaintiff's Complaint includes neither.  Instead, Plaintiff merely requests that this Court order the defendants to show Plaintiff compassion for his suffering. (Doc. 1, p. 8).  This is not a cognizable, request for relief.

Further, as noted in this Court's Order dated January 24, 2017 (Doc. 5), Plaintiff filed another civil rights action, *Engel v. People*, 17-cv-24-MJR (Jan. 11, 2017) ("prior action"), a mere twelve days before filing this action.  Suspecting that Plaintiff intended to file the Complaint in this action as an amended complaint in the prior action, this Court notified Plaintiff that these two cases were filed separately and gave Plaintiff the opportunity to notify the Court if he was seeking to file an amended complaint in the prior action instead of filing a second action. (Doc. 5).  Plaintiff never directly responded to this Order, although he did file a "Letter from Plaintiff regarding his Trust Fund Statement" (Doc. 6) in both this case and the prior action, seemingly acknowledging the existence of both, separate cases.  Because Plaintiff failed to

respond to the Order requesting clarification (Doc. 5), the Court assumes that Plaintiff intended this case to be separate from the prior action.

That being said, the Court finds that this case is duplicative of the prior action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (one cause of action is duplicative of another if the "claims, parties, and available relief do not significantly differ between the two actions."). The Complaint in the instant action is nearly identical to the original Complaint filed in the prior action on January 11, 2017. *Compare* (Doc. 1) *with* 17-cv-24-MJR at Doc. 1. Though Plaintiff did not appropriately name any defendants in that Complaint, *see* 17-cv-24-MJR at Doc. 8, he named the same individuals, alleged the same conduct (with more or less detail in either Complaint), and cited the same dates in his respective statements of claim. *Compare* (Doc. 1) *with* 17-cv-24-MJR at Doc. 1. The only substantive difference between the complaints in this case and the prior action are Plaintiff's failure to name an adequate defendant in the Prior action, which he cured in this action, and Plaintiff's failure to request appropriate relief in this action, a mistake he did not make in the prior action. *Id.*

Because this case is duplicative of the prior action and Plaintiff has failed to request appropriate relief, this case will be dismissed without prejudice and without a strike. *See Serlin*, 3 F.3d at 223 ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court.") (quotation and citations omitted). Per this Court's January 24, 2017 Order (Doc. 5), Plaintiff will still be responsible for paying the filing fee for this action.

Notably, Plaintiff has been granted leave to amend his complaint in the prior action. *See* 17-cv-24-MJR at Doc. 8. If he chooses to amend in that case, he will have the opportunity to pursue all of his intended claims against his intended defendants, in a single action. Because that

4

case will remain open despite the dismissal of this case, Plaintiff will also be shielded from any potential statute of limitations issues surrounding his allegations.

### Pending Motions

Plaintiff has filed a Motion for Leave to Proceed in forma pauperis (Doc. 2), which will be addressed in a separate order.

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **DENIED** as **MOOT**.

### Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for being duplicative of a previously filed lawsuit and for failing to include a request for relief in compliance with FED. R. CIV. P. 8(a).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk of Court is **DIRECTED** to close this case and to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: March 10, 2017**

s/ STACI M. YANDLE
**United States District Judge**

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status has been granted.